IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-00039-GPG

**CHESTER LEE RENEAU**, No. 156770,

    Plaintiff,

v.

**MAURICE FAUVEL**, Doctor, in his individual capacity;
**HELENE CHRISTNER**, Doctor, in her official and individual capacities;
**JAIMIE SOUCIE**, Director of Clinical Services in her individual capacity;
**CORRECTIONAL HEALTH PARTNERS**, Insurance Provider, in their official capacity;
**JOHN OR JANE DOE**, CHP Employee and employee of Correctional Health Partners in his or her individual capacity; and
**COLORADO DEPARTMENT OF CORRECTIONS**,

    Defendants.

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

    Plaintiff, Chester Lee Reneau, is in the custody of the Colorado Department of Corrections (CDOC) at the Colorado Territorial Correctional Facility (CTCF) in Cañón City, Colorado. He has filed a Prisoner Complaint, pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983, claiming that he is being denied adequate medical care, in violation of the Constitution. Plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

    The Court must construe the Complaint liberally because Plaintiff is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for *pro se* litigants. *See Hall*, 935 F.2d at 1110. The Court has reviewed the complaint and has determined that it is deficient. For the reasons discussed below,

Mr. Reneau will be ordered to file an amended complaint.

The Prisoner Complaint is deficient because the § 1983 claims against Defendant CDOC are barred by the Eleventh Amendment. Eleventh Amendment immunity extends to states and state agencies deemed "arms of the state" that have not waived their immunity, regardless of the relief sought. *Steadfast Ins. Co. v. Agricultural Ins. Co.*, 507 F.3d 1250, 1252–53 (10th Cir. 2007). The CDOC is entitled to Eleventh Amendment immunity. *See Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988). Congress did not abrogate Eleventh Amendment immunity through Section 1983. *See Quern v. Jordan*, 440 U.S. 332, 345 (1979). Accordingly, the CDOC is an improper party to this action.

The Prisoner Complaint is also deficient because Mr. Reneau fails to allege specific facts to show the personal participation of Defendants. Personal participation is an essential element of a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976); *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A supervisor can only be held liable for his own deliberate intentional acts. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *Serna v. Colo. Dep't of Corrections*, 455 F.3d 1146, 1151 (10th Cir. 2006) ("Supervisors are only liable under § 1983 for their own culpable involvement in the violation of a person's constitutional rights."); *see also Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008) ("[Section] 1983 does not recognize a concept of strict supervisor liability; the defendant's role must be more than one of abstract authority over individuals who

actually committed a constitutional violation.").

Furthermore, with regard to Defendant Correctional Health Partners (CHP),[1] "'[t]he established principles of municipal liability have been found to apply to § 1983 claims brought against private corporations like [proposed] Defendant PHP.'" *Ortiz v. Falk*, No. 13-cv-00612-PAB-MJW, 2014 WL 984933, at *10 (D. Colo. March 13, 2014) (quoting *Rhodes v. Physician Health Partners (PHP)*, No. 09-cv-482-REB-KLM, 2010 WL 728213, at *5 (D. Colo. Feb. 24, 2010)). "Therefore, according to the principles of municipal liability, a private actor such as CHP 'cannot be held liable solely because it employs a tortfeasor-or, in other words . . . cannot be held liable under § 1983 on a respondeat superior theory.'" *Id.* (quoting *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691 (1978)). Instead, Plaintiff must allege facts to show that Defendant CHP directly caused the constitutional violation by instituting an official policy or custom that was the "moving force" behind the constitutional violation. *Monell*, 436 U.S. at 694-95; *see also City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989). Plaintiff cannot state a claim for relief under § 1983 merely by pointing to isolated incidents. *See Monell*, 436 U.S. at 694. In the Complaint, Mr. Reneau does not allege that a policy or custom of CHP caused the alleged deprivation of adequate medical care.

The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (citation omitted). The Eighth Amendment prohibits the infliction

---

[1] PHP, a private entity, which does business under the name "Correctional Health Partners," contracts with the CDOC to manage the referral and approval of medical care by outside specialists, somewhat in the nature of managed health care outside the prison environment. *See Self v. Milyard*, No. 11-cv-00813-RBJ-CBS, 2012 WL 3704958, at *3 (D. Colo. July 31, 2012).

of "cruel and unusual punishments." U.S. CONST. Amend. VIII. Certain conditions of confinement, if they inflict pain unnecessarily and wantonly, may constitute cruel and unusual punishment under the Eighth Amendment. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). "An inmate making a direct chReneauge to conditions of confinement under the 8th Amendment, must show that, judged by contemporary standards of decency, the conditions either involve the wanton and unnecessary infliction of pain, that they are grossly disproportionate to the severity of the crime, or that they entail serious deprivation of basic human needs." *Georgacarakos v. Wiley*, 2010 WL 1291833 *11 (D. Colo. March 30, 2010) (internal quotation marks and citation omitted). "Prison officials must provide adequate food, clothing, shelter, and medical care to inmates, and take reasonable measures to guarantee those inmates' safety." *Id.* (citation omitted).

An Eighth Amendment claim includes both an objective component, whether the deprivation of a basic human need is sufficiently serious, and a subjective component, whether the officials acted with a sufficiently culpable state of mind. *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). As for the objective component, "extreme deprivations" are required to make out a conditions-of-confinement claim. *Hudson v. McMillian*, 503 U.S. 1, 8–9 (1992). Thus, in a conditions-of-confinement case, a "sufficiently serious" deprivation is shown when "a prison official's act or omission ... result[s] in the denial of 'the minimal civilized measure of life's necessities.' " *Farmer*, 511 U.S. at 834 (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). The subjective component follows from the principle that " 'only the unnecessary and wanton infliction of pain implicates the Eighth Amendment.' " *Farmer*, 511 U.S. at 834 (quoting *Wilson*, 501 U.S. at 297). The "deliberate indifference" subjective standard applies to claims of inhumane

4

conditions of confinement.  *Wilson*, 501 U.S. at 303–04.  A finding of deliberate indifference requires a showing that the defendant "knows of and disregards an excessive risk to inmate health or safety."  *Farmer*, 511 U.S. at 837.  Under this standard, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  *Farmer*, 511 U.S. at 837.

It is not clear against which Defendant or Defendants Mr. Reneau is asserting the medical treatment claims or what any particular Defendant did with respect to medical treatment that violated Mr. Herrera's constitutional rights.  The Eighth Amendment, through its prohibition of cruel and unusual punishment, imposes a duty on prison officials to provide humane conditions of confinement, including adequate medical treatment.  *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).  A violation occurs when:  1) a medical need is serious; and (2) the acts or omissions by prison officials demonstrate "deliberate indifference" to the inmate's health or safety.  *Id.* at 106.  Thus, first, a complaint must allege facts showing a sufficiently serious medical need.  A "medical need is sufficiently serious if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention."  *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000).  "Delay in medical care only constitutes an Eighth Amendment violation where the plaintiff can show the delay resulted in substantial harm."  *Id.* at 1210.  The substantial harm requirement "may be satisfied by lifelong handicap, permanent loss, or considerable pain."  *Garrett v. Stratman*, 254 F.3d 946, 950 (10th Cir. 2001).  Under *Estelle*, deliberate indifference is present when prison officials

intentionally deny or delay access to necessary medical treatment for non-medical reasons, or when they interfere with a course of treatment once prescribed. *Id.* at 104-05. Under the subjective component, Plaintiff "must show that the defendants knew he faced a substantial risk of harm and disregarded that risk, by failing to take reasonable measures to abate it." *Martinez*, 563 F.3d at 1089.

In the context of a medical treatment claim, he must state exactly what objectively serious medical need he was suffering from and what each specific Defendant did that amounted to deliberate indifference to that need. He must provide specific dates and provide a short statement as to each claim against each defendant. Plaintiff's complaint provides a statement of facts that does not specify what constitutional claims he is asserting against each defendant. He merely identifies a defendant and makes rambling statements.

Moreover, under C.R.S. § 13–80–102(1)(h), a two-year statute of limitations applies to "[a]ll actions against any public or governmental entity or any employee of a public or governmental entity, except as otherwise provided in ... section 13–80–103." Thus, Plaintiff cannot file claims for actions that occurred on or before January 7, 2014.

To the extent Plaintiff asserts a constitutional claim against an individual, he must allege specific facts that demonstrate how that individual personally participated in the asserted constitutional violation. *See Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011) (allegations of "personal participation in the specific constitutional violation complained of [are] essential"). The "denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th

Cir. 2009). Furthermore, a defendant may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Although a defendant can be liable in a § 1983 action based on his or her supervisory responsibilities, a claim of supervisory liability must be supported by allegations that demonstrate personal involvement, a causal connection to the constitutional violation, and a culpable state of mind. *See Schneider v. City of Grand Junction Police Dept.*, 717 F.3d 760, 767-69 (10th Cir. 2013) (discussing standards for supervisory liability).

To the extent Mr. Reneau asserts a constitutional claim against Colorado Health Partners, he must allege specific facts that demonstrate he suffered an injury caused by an official policy or custom. *See Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1216 (10th Cir. 2003) (holding that traditional municipal liability principles apply to claims brought pursuant to 42 U.S.C. § 1983 against private corporations); *Smedley v. Corrections Corp. of America*, 175 F. App'x 943, 946 (10th Cir. 2005) ("in order to hold CCA liable for the alleged tortious acts of its agents, [Plaintiff] must show that CCA directly caused the constitutional violation by instituting an official policy of some nature that was the direct cause or moving force behind the constitutional violations") (internal citation and quotation marks omitted).

The complaint is deficient because it does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater*

*Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8.

Claims must be presented clearly and concisely in a manageable format that allows a court and a defendant to know what claims are being asserted and to be able to respond to those claims. *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957). For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *Id.*

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The Court, however, will give Plaintiff an opportunity to cure the deficiencies in the Complaint by submitting an Amended Complaint that meets the requirements of Fed. R. Civ. P. 8.

Plaintiff is required to assert personal participation by properly named defendants

in the alleged constitutional violation. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). **To establish personal participation, Plaintiff must show in the Cause of Action section of the complaint form how each named individual caused the deprivation of a federal right**. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).

Furthermore, **TO STATE A CLAIM IN FEDERAL COURT PLAINTIFF MUST EXPLAIN (1) WHAT A DEFENDANT DID TO HIM; (2) WHEN THE DEFENDANT DID IT; (3) HOW THE DEFENDANT'S ACTION HARMED HIM; AND (4) WHAT SPECIFIC LEGAL RIGHT THE DEFENDANT VIOLATED AS TO EACH AND EVERY CLAIM.** *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (noting that, to state a claim in federal court, "a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated"). Accordingly, in the Amended Complaint, Plaintiff must allege specific facts to show how each named Defendant personally participated in an alleged deprivation of his constitutional rights. It is not the Court's role to review attachments to the complaint to decipher Plaintiff's claims.

A defendant also may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Furthermore,

> when a plaintiff sues an official under *Bivens* or § 1983 for conduct "arising

> from his or her superintendent responsibilities," the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well.

*Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 677).  Therefore, in order to succeed against a government official for conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Id.* at 1199.  Therefore, Plaintiff should name as Defendants only those persons he contends actually violated his federal rights while acting under color of law.

It is Mr. Reneau's responsibility to present his claims in a manageable and readable format that allows the Court and Defendants to know what claims are being asserted and to be able to respond to those claims.  Mr. Reneau must allege, simply and concisely, his specific claims for relief, including the specific rights that allegedly have been violated and the specific acts of each defendant that allegedly violated his rights.  Moreover, it is not the Court's role to sift through Mr. Reneau's conclusory allegations to determine the heart of each claim.

The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).  Therefore, Plaintiff must file an amended

complaint if he wishes to pursue his claims in this action.  Accordingly, it is

**ORDERED** that **within thirty days from the date of this Order**, Plaintiff shall file an amended complaint that complies with this Order.  It is

**FURTHER ORDERED** that Plaintiff shall obtain the Court-approved Complaint form, along with the applicable instructions, at www.cod.uscourts.gov, to be used in filing the amended complaint.  It is

**FURTHER ORDERED** that if Plaintiff fails to comply with this Order within the time allowed the Court will dismiss the action without further notice.

DATED January 12, 2016, at Denver, Colorado.

BY THE COURT:

 /s Gordon P. Gallagher
Gordon P. Gallagher
United States Magistrate Judge