**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Marcia S. Krieger**

Civil Action No. 16-cv-00039-MSK-MJW

**CHESTER LEE RENEAU,**

    Plaintiff,

v.

**DOCTOR MAURICE FAUVEL, in his individual capacity;
DOCTOR HELENE CHRISTNER, in both her individual and official capacities;
JAMIE SOUCIE, Director of Clinical Services at Sterling Correctional Facility, in both her individual and office capacities; and
JOHN/JANE DOES, in both their individual and official capacities,**

    Defendants.

---

**OPINION AND ORDER OVERRULING OBJECTIONS AND
GRANTING MOTION TO DISMISS**

---

**THIS MATTER** comes before the Court pursuant to Mr. Reneau's Objections **(# 43)** to the Magistrate Judge's May 31, 2016 Recommendation **(# 41)** that the Defendants' Motion to Dismiss **(# 33)** be granted, and the Defendants' response **(# 44)**; and Mr. Reneau's Objections **(# 49)** to the Magistrate Judge's August 23, 2016 Recommendation **(# 48)** that Mr. Reneau's Motion for Leave to Amend **(# 46)** be denied.

Mr. Reneau's *pro se*[1] Amended Complaint **(# 7)** recites that he is an inmate in the custody of the Colorado Department of Corrections ("CDOC"), housed at the Sterling Correctional Facility. Mr. Reneau states that, due to a series of pre-incarceration injuries, he

---

[1]    Given Mr. Reneau's *pro se* status, the Court liberally construes his pleadings. *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972).

suffers from constant back pain. Upon his arrival at Sterling in February 2012, he requested (and was apparently granted) pain management treatment from the facility's medical staff.

In June 2012, Defendant Fauvel, a member of CDOC's medical staff, ordered x-rays to be taken of Mr. Reneau's back. In July 2012, Dr. Fauvel requested that Mr. Reneau undergo a further MRI examination of his back. However, Mr. Reneau alleges that Defendant Soucie, along with a Doe Defendant (whom Mr. Reneau now identifies as Dr. Jennifer Mix), denied authorization for the MRI examination. On several occasions, Mr. Reneau asked Dr. Fauvel to pursue an appeal of the denial, but Dr. Fauvel refused.

Certain exhibits that Mr. Reneau attached to his original Complaint and refers to expressly in the Amended Complaint shed some additional light on these events. A September 2012 note from Dr. Fauvel indicates that Dr. Fauvel wished to review Mr. Reneau's medical records from his pre-incarceration treatment, and "will hold off appeal for MRI until we get previous records." Mr. Reneau also points to a December 2013 grievance he filed against Dr. Fauvel over the refusal to appeal the denial of authorization for the MRI examination. In that grievance, Mr. Reneau recites that Dr. Fauvel "told me he was not going to resubmit a request for an MRI until he could see more degeneration and a loss of muscle strength in my back and my legs." Dr. Fauvel responded to this grievance by stating "MRI was denied due to lack of physical evidence of nerve involvement. I agree with [this] decision. . . You have [various prescriptions for pain management], lumbar support, and weight restriction – this will have to do." Mr. Reneau appealed the denial of that grievance, but Ms. Soucie upheld the denial, stating "following a review of your medical records, it appears you have received appropriate medical care through SCF medical. . . Please continue to work with your medical provider on a treatment plan that will meet your medical needs."

In October 2014, Defendant Christner took over Mr. Reneau's medical care from Dr. Fauvel.  Mr. Reneau requested that Dr. Christner re-submit a request for authorization for an MRI examination, but Dr. Christner refused.

Based on these facts, Mr. Reneau asserts a single claim under 42 U.S.C. § 1983 against each of the named Defendants, contending that they manifested deliberate indifference to his serious medical needs in violation of the 8th Amendment to the U.S. Constitution.

The Defendants moved **(# 33)** to dismiss Mr. Reneau's claims, arguing: (i) they were entitled to sovereign immunity for Mr. Reneau's claims for damages against them in their official capacities; (ii) the claims against Dr. Fauvel arising from his refusal to pursue the MRI examination in 2012 are barred by the two-year statute of limitations, as Mr. Reneau did not commence this action until January 7, 2016; (iii) Mr. Reneau failed to allege the personal participation of Ms. Soucie in any deprivation other than her upholding of the denial of Mr. Reneau's grievance against Dr. Fauvel; (iv) Mr. Reneau fails to state a claim for deliberate indifference, in part because he has merely disagreed with the treatment regimen the Defendants have chosen for him; and (v) that the Defendants are entitled to qualified immunity.

The Court referred the matter to the Magistrate Judge for a recommendation.  On My 31, 2016, the Magistrate Judge recommended **(# 41)** that the Defendants' motion to dismiss be granted.  Specifically, the Magistrate Judge found that: (i) all claims against Dr. Fauvel were untimely and that the statute of limitations was not tolled by the continuing violation doctrine; and (ii) Mr. Reneau failed to state a claim for deliberate indifference because, at best, he alleged only "a difference of opinion with [or among] medical staff." *Citing Toler v. Troutt*, 631 Fed.Appx. 545, 547-48 (10th Cir. 2015).

Mr. Reneau filed timely Objections **(# 43)**, arguing: (i) the Magistrate Judge erred in finding that the continuing violation toll to the statute of limitations did not apply; and (ii) that with regard to the sufficiency of his pleading, the Magistrate Judge "misconstru[ed]" his complaint, which concerns not the particular denial of an MRI exam, but rather, "the act of denying Plaintiff access to medical personnel capable of evaluating the need for treatment on Plaintiff's spinal cord," for which the MRI exam was merely a first step.

Thereafter, Mr. Reneau moved to amend **(# 46)** his Amended Complaint to replace the Doe Defendant with Dr. Mix. Mr. Reneau tendered a proposed Second Amended Complaint that specifically named Dr. Mix and modified, to some extent, his factual allegations, but did not make any fundamental changes to the facts recited above. The Court referred this motion to the Magistrate Judge for a recommendation, and on August 23, 2016, the Magistrate Judge recommended **(# 48)** that Mr. Reneau's motion be denied because the proposed claims being asserted against Dr. Mix were defective for the reasons previously stated, such that amendment would be futile. Mr. Reneau filed timely Objections **(# 49)** that do not directly address the Magistrate Judge's findings of futility with regard to Dr. Mix, but which largely restate Mr. Reneau's Objections to the prior recommendation.

Pursuant to Fed. R. Civ. P. 72(b), the Court reviews the objected-to portions of a Recommendation *de novo*. Upon such *de novo* review, the Court agrees with the Magistrate Judge's findings and reasoning in all respects in both Recommendations. In particular, the Court agrees that Mr. Reneau's claims against Dr. Fauvel are untimely, and the Court rejects Mr. Reneau's argument that the continuing violation doctrine suffices to toll the statute of limitations. The 10th Circuit has expressly stated that it has never adopted the continuing violation doctrine in the § 1983 context. *See Gosselin v. Kaufman*, 656 Fed.Appx. 916, 919 (10th Cir. 2016). As

applied to claims that arise from discrete decisions or refusals to act, the continuing violations doctrine has been falling out of favor since *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113-14 (2002) (stating that such tolling doctrines are "to be applied sparingly"), and this Court sees no reason to revive it. The sole authority Mr. Reneau cites with regard in support of the doctrine, *Heard v. Sheahan*, 253 F.3d 316, 320 (7th Cir. 2001), predates the Supreme Court's *Morgan* decision weakening the doctrine, and thus, is unpersusive. Accordingly, the Court agrees with the Magistrate Judge that the claims against Dr. Fauvel are untimely.

The Court also agrees with the Magistrate Judge that Mr. Reneau's allegations against all Defendants generally fail to state a claim for deliberate indifference. Whether Mr. Reneau's claims are viewed as a challenge to the decision to deny an MRI exam itself, or whether the denial of the MRI exam is viewed as denying Mr. Reneau the ability to then have those MRI results reviewed by specialists who might propose different treatment, the result is the same: no 8th Amendment violation lies simply because different medical professionals might prescribe different treatments for the same condition. Mr. Reneau's own submissions demonstrate that Dr. Fauvel was providing him with treatment for his back pain, in the form of pain medications, a lumbar support, and weight-lifting restrictions. The fact that Mr. Reneau believes that a different medical provider might have prescribed a different or better course of treatment does not give rise to an 8th Amendment violation.[2] *Toler,* 631 Fed.Appx . at 547-48.

The same record also indicates that Ms. Soucie – to the extent she is even a medical provider – reviewed Mr. Reneau's records and encouraged him to continue his treatment with Dr. Fauvel. Rather than manifesting a deliberate indifference to Mr. Reneau's medical needs,

---

[2] The fact that Dr. Fauvel initially requested the MRI examination, then apparently changed his mind when it was denied, does not alter the analysis. Nothing in the 8th Amendment's prohibition against cruel and unusual punishment can be understood to prevent a prison medical provider from reconsidering his own prior treatment recommendations.

Ms. Soucie's instructions reinforced the fact that Mr. Reneau was receiving treatment for his condition from Dr. Fauvel. Thus, Mr. Reneau fails to state a claim against Ms. Soucie as well. The allegations Mr. Reneau makes against the Doe Defendant, whom he now seeks to identify as Dr. Mix, fail to state a claim for the same reason.

The situation with Dr. Christner is slightly different. Mr. Reneau offers almost no specific allegations against Dr. Christner, except to say that he requested that she approve an MRI examination for him and that she refused. He does not describe what treatment Dr. Christner did provide him, but, at the same time, he does not allege that Dr. Christner abandoned the treatment protocol that Dr. Fauvel had been following or otherwise medically abandoned Mr. Reneau. Thus, as to Dr. Christner, the record indicates only that she refused a request by Mr. Reneau to authorize a procedure that numerous previous providers had already rejected. In this regard, Mr. Reneau has merely alleged that he and Dr. Christner had a difference of opinion as to how his condition should be treated, and that disagreement, of itself, fails to amount to an 8th Amendment violation. *Toler*, 631 Fed.Appx. at 547.

Accordingly, the Court adopts the Magistrate Judge's Recommendation and grants the Defendants' motion to dismiss. Similarly, for the reasons set forth already, the Court agrees with the Magistrate Judge that allowing Mr. Reneau leave to amend his pleadings to identify the Doe Defendant as Dr. Mix would be futile, as his substantive allegations against Dr. Mix would be insufficient in any event.

## CONCLUSION

For the foregoing reason, the Court **OVERRULES** Mr. Reneau's Objections **(# 43, 49)**, and **ADOPTS** the Recommendations **(# 41, 48)**. The Defendants' Motion to Dismiss **(# 33)** is **GRANTED**, and the claims against all named Defendants are **DISMISSED**. Mr. Reneau's

Motion to Amend **(# 46)** is **DENIED AS MOOT**, insofar as amendment to identify the Doe Defendant would be futile, as the claims against that Defendant would be subject to dismissal for failure to state a claim in any event. There being no viable claims that survive this Order, the Clerk of the Court shall close this case.

      Dated this 6th day of March, 2017.

**BY THE COURT:**

_____

Marcia S. Krieger
Chief United States District Judge